1  Robert C. Maddox, Esq., NV Bar No. 4002
   Nancy H. Jasculca, Esq., NV Bar No. 9594
2  **ROBERT C. MADDOX & ASSOCIATES**
   10587 Double R Blvd., Suite 100
3  Reno, NV 89521
   Telephone: (775)322-3666 • Facsimile: (775)322-6338
4
   Calvin R.X. Dunlap, Esq., NV Bar No. 2111
5  Monique Laxalt, Esq., NV Bar No. 1969
   **DUNLAP & LAXALT**
6  537 Ralston Street
   Reno, Nevada  89503
7  Telephone: (775) 323-7790 • Facsimile: (775) 323-5454
8  Vernon E. Leverty, Esq., NV Bar No. 1246
   William R. Ginn, Esq., NV Bar No. 6989
9  Patrick R. Leverty, Esq., NV Bar No. 8840
   **LEVERTY & ASSOCIATES LAW, CHTD.**
10 832 Willow Street
   Reno, Nevada  89502
11 Telephone: (775) 322-6636 • Facsimile: (775) 322-3953

12

13                  **UNITED STATES DISTRICT COURT**

14                        **DISTRICT OF NEVADA**

15

16 | JUDY KROSHUS, *et al.*, | CASE NO. 3:08-cv-246-LDG-RAM |

17              Plaintiffs,
   v.
18
   UNITED STATES OF AMERICA, *et al.*
19
                Defendants.
20 | ALICIA UHOUSE, *et al.*, | CASE NO. 3:08-cv-00285-LDG-RAM |

21              Plaintiffs,
   v.
22
   UNITED STATES DEPARTMENT OF THE
23 INTERIOR, *et al.*,

24              Defendants.

25 | BILL ADAMSON, *et al.*, | CASE NO. 3:08-cv-621-LDG-RAM |

26              Plaintiffs,
   v.
27
   UNITED STATES OF AMERICA,
28
                Defendant.

| | |
|---|---|
| LARRY J. MOORE, *et al.*, | CASE NO. 3:09-cv-00167-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| JAMES ADGETT, *et al.*, | CASE NO. 3:09-cv-00649-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| JUDY KROSHUS, *et al.*, | CASE NO. 3:09-cv-713-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, *et al.* | |
| Defendants. | |
| BILL ADAMSON, *et al.*, | CASE NO. 3:09-cv-715-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| JASON AMES, *et al.*, | CASE NO.  3:10-cv-00463-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## <u>JOINT STIPULATED CONFIDENTIALITY ORDER</u>

WHEREAS, it is anticipated that the parties to actions concerning the January 5, 2008 Truckee Canal embankment failure will be producing documents and supplying information during the discovery phase of these actions that the producing party will regard as confidential;

WHEREAS, it is also anticipated that court filings and discovery papers in matters concerning the January 5, 2008 Truckee Canal embankment failure will include references to documents and/or information that the producing party will regard as confidential;

WHEREAS, it is further anticipated that deposition testimony in matters concerning the January 5, 2008 Truckee Canal embankment failure will include references to documents and/or information that the producing party will regard as confidential;

WHEREAS, the parties to actions concerning the January 5, 2008 Truckee Canal embankment failure desire to protect the confidentiality of any such confidential documents or testimony furnished in the course of such actions or proceedings, including mediation;

IT IS HEREBY stipulated and made an Order of the Court that, until this Stipulated Confidentiality Order is amended or superseded, all parties and nonparty witnesses shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

**A.    Scope.**

1.    This Order shall govern all documents and information produced by any party or persons or entities not a party to this action, whether produced informally or pursuant to a formal discovery request and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

2.    Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3.    This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4.    Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" is in fact confidential.

**B.    Confidential Information.**

1.    Materials that contain sensitive information may be designated as "Confidential."

1   The producing party will make such a designation only as to those documents or discovery

2   responses that are in good faith believed to contain or constitute confidential or other sensitive

3   information.  Materials so designated are referred to herein as "Confidential Information."

4          2.      Documents shall be designated as Confidential Information by marking or

5   stamping each page of any such document "Confidential," or identifying such documents by bates

6   production numbers or other unequivocal identifier in writing to each party receiving the

7   Confidential Information.  In lieu of marking the originals of documents, any party may mark the

8   copies of such documents that are produced or exchanged.

9          3.      With respect to testimony that constitutes or references Confidential Information,

10  confidential portions of the transcript may be designated as such on the record at the time the

11  testimony is given, and additional portions of the testimony may be designated as "Confidential"

12  within twenty (20) days after receipt of the transcript.  Until the twenty-day period has expired, the

13  entire transcript shall be treated as Confidential Information.  In addition, any deposition in which

14  documents designated as containing Confidential Information are marked as exhibits or shown to

15  the deponent or otherwise employed shall be considered confidential and subject to the provisions

16  of this Order.

17  **C.     Treatment of Confidential Information.**

18         1.      Except as otherwise provided in this or subsequent court orders, Confidential

19  Information shall not be disclosed or shown to anyone other than:

20                 (a)     The parties, the employees of such parties, or the agents of the parties (or

21                         the parent or beneficial owner of such party) to whom it is necessary that

22                         Confidential Information be shown for purposes of this proceeding;

23                 (b)     Outside counsel for the parties, the employees of such attorneys, and agents

24                         of such attorneys, to whom it is necessary that Confidential Information be

25                         shown for purposes of this proceeding;

26                 (c)     Inside counsel for each party and the employees of such attorneys to whom

27                         it is necessary that Confidential Information be shown for purposes of this

28                         proceeding;

(d)  Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e)  The Court or persons employed by the Court and the jury;

(f)  Duly qualified court reporters and videographers participating in these proceedings;

(g)  Persons who were the authors or recipients of the documents in the ordinary course of business;

(h)  Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i)  Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2.  In the event that documents or testimony are designated as "Confidential," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e) in the event that *in camera* inspection of such information is requested or documents are filed with the Court under seal, C.1(f) and C.1(i).  If such information is disclosed or shown to persons described in paragraph C.1(d), those persons shall not view the information unless and until they are advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order and agree in writing to be bound by the terms of this Order.

3.  Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Stipulated Confidentiality Order.  Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever.  It is

1  specifically recognized that certain information, such as medical records, which may have been

2  provided to a producing party by a third party, and shall be marked "Confidential," shall not be

3  utilized by the receiving party for any purpose other than the prosecution and/or defense of this

4  litigation.

5     4.     No person shall disclose Confidential Information to any third party except as

6  provided by this Order without prior written notice of the specific disclosures and persons

7  involved to the producing party.  Such disclosure shall not be made before:  (1) 15 days after

8  notice to the producing party; (2) consent by the producing party; or (3) judicial resolution of any

9  objections to such disclosure made by the producing party, whichever is earlier.  Any objections to

10  such disclosure shall be made in writing by the producing party within 15 days after receipt of

11  notice of an intent to disclose.

12     5.     Notwithstanding anything to the contrary in the foregoing paragraphs, any party

13  may use without restriction:

14          (a)     its own documents or information; and

15          (b)     documents or information developed or obtained by a receiving party

16                  independently of discovery in these or related actions or proceedings;

17  irrespective of whether such document or information has been designated by the producing party

18  as Confidential Information.

19     6.     Each person given access to designated Confidential Information shall be advised

20  that the information is being disclosed pursuant and subject to the terms of this Stipulated

21  Confidentiality Order and may not be disclosed other than as provided by this Order.

22     7.     In the event that counsel for any party determines to file with, or submit to, the

23  Court any Confidential Information or papers containing or referencing such information, the

24  parties and their counsel shall give written notice to the other party's counsel at least five (5)

25  business days, excluding legal holidays, before such filing or submission so as to give the other

26  party's counsel time to seek a temporary or permanent sealing order, if desired, from the Court,

27  unless the circumstances do not permit such notice.

28     8.     No Confidential Information, including but not limited to transcripts, depositions,

1  exhibits, and pleadings, shall be filed with the Court or used in a hearing unless the party seeking

2  to file or use the Confidential Information has provided five (5) days prior written notice to the

3  party that produced the Confidential Information of the intent to use it, during which time the

4  producing party may seek any appropriate protective order regarding use of the Confidential

5  Information in the Court filing or hearing.  If the parties cannot come to an agreement regarding

6  the designation or filing of such information, the party seeking to file the Confidential Information

7  shall do so under seal or in camera.  In the event of an emergency, a party seeking to file or use

8  Confidential Information shall not file or use any such information but shall instead tender to the

9  Court for *in camera* inspection the Confidential Information that it seeks to file and seek a ruling

10  permitting the use of the material.  During the pendency of a motion for protection or in the event

11  of an emergency, the parties will treat Confidential Information in dispute as subject to this

12  Confidentiality Order until the Court enters an order determining otherwise.

13        9.     The inadvertent or unintentional disclosure by the supplying party of

14  privileged information shall be governed by the previously entered *Order on Motion for Order*

15  *Providing for Clawback of Information Inadvertently Disclosed*.  The inadvertent or unintentional

16  disclosure by the supplying party of Confidential Information, regardless of whether the

17  information was so designated at the time of the disclosure, shall not be deemed a  waiver in

18  whole or in part of a party's claim of confidentiality, either as to the specific information disclosed

19  or as to any other information relating thereto on the same or related subject matter, if, within

20  twenty (20) days of discovering the inadvertent failure to designate the material as confidential,

21  the supplying party identifies the material produced and amends the designation.

22        10.    Within forty-five (45) days after the settlement or final adjudication, including

23  appeals, of the action or actions in which the documents have been produced, all Confidential

24  Information supplied by the parties and non-parties and all copies thereof shall be returned to the

25  producing party or shall be certified to have been destroyed; provided, however, that each party

26  may retain a complete file of all litigation documents filed with the Court in these actions and

27  work product in the possession or control of counsel for any party that reflects or includes

28  information derived from documents or testimony designated as confidential.

1        11.     Any dispute concerning the application of this Stipulated Confidentiality Order

2  shall be heard by the Court upon motion by the objecting party.

3

4        IT IS SO ORDERED this _____ 16th _____ day of _____ November _____, 2010.

5

6                                _____

7                                ROBERT A. MCQUAID, JR.
                                  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a true and correct copy of the foregoing document via United States District Court CM/ECF system on all parties or persons requesting notice.

Dated this 16th November, 2010.

_____
Employee of Robert C. Maddox